McBRIDE, Judge.
This is a claim asserted by Elgin D. Ricker for damages sustained by his automotive-truck when it collided with defendant’s vehicle on U. S. Highway 11 near Pontchartrain Bridge in St. Tammany Parish in the early morning darkness on June 6, 1956. Plaintiff appeals from a judgment dismissing the suit.
The vehicles, traveling in opposite directions, sideswiped. The drivers are the only eyewitnesses and each is sure his vehicle was on the proper side of the highway. Plaintiff states defendant’s vehicle came over onto his side of the road and the collision ensued. The defendant’s driver states he does not know how the accident happened, but throughout his testimony he in *331 sists he was on the proper side of the highway.
It is suggested by counsel for plaintiff that defendant’s driver should have explained how the accident happened, but we know of no law which would place such a burden on the defendant. All a defendant has to do in a case such as this is to show his freedom from negligence to absolve himself from liability.
The plaintiff carried the burden of proving by a preponderance of the evidence that the negligence of defendant’s employee was the proximate cause of the accident, and he has failed in such showing. The trial judge believed the statements of defendant’s witness that his vehicle was on the proper side of the road, and there is no circumstance appearing from the record which tends to indicate that this was reversible error. The trier of a case involving an issue of fact which can only be resolved on the question of the veracity and credibility of the witnesses is in a superior position to adjudicate the matter for the reason that he has the opportunity of seeing and hearing the witnesses testify and observing their demeanor on the stand. An appellate court does not have such opportunity. On such factual issues the ruling of the trial judge should not be disturbed unless manifest error appears therein.
We have read the record and analyzed the conflicting statements, and are of the opinion that there is no manifest error in the judgment. Therefore, it is affirmed.
Affirmed.